IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EMILY K. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-3459-CV-S-RED |
| ) | |
| HON. ROBERT LAWSON, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now before the Court is Defendants Jenny Thomas' and Jeremy Trapp's Motion to Dismiss (#19), Defendant Reed's Motion for Judgment on the Pleadings (#26), and Plaintiff's Motions to Amend Complaint (#23 and #24). After careful consideration, the Court **GRANTS** Defendants' motions (#19 and #26) and **DENIES as moot** Plaintiff's motions.

## BACKGROUND

The Greene County, Missouri Circuit Court—Children's Division took custody of Plaintiff's children based on allegations that Plaintiff abused the children. The court removed the children from Plaintiff and placed them with the children's father. The juvenile case regarding Plaintiff's custody and visitation rights remains pending.

On December 18, 2008, Plaintiff filed a complaint in this court against the judge presiding over the juvenile case, three state social workers, and a therapist retained by the state. Plaintiff claims that Defendants conspired to violate Plaintiff's constitutional right to due process by alienating the affection of her children and denying her the right to parental decision making. Plaintiff's complaint states that she is not "claim[ing] actual or punitive monetary damages," but Plaintiff has failed to state what relief she is requesting. Defendants moved to dismiss the case.

## DISCUSSION

The *Younger* abstention doctrine applies in child custody cases. *Moore v. Pleasant*, 442 U.S. 415 (1979). "*Younger* abstention is appropriate when (1) the federal action would disrupt an ongoing state judicial proceeding (2) which implicates important state interests and (3) which provides an adequate opportunity to raise constitutional challenges." *Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007). This case relates to the custody decisions reached by the state court in a concurrent case. Accordingly, the federal action would disrupt ongoing state judicial proceedings. The Supreme Court has decided that child custody issues are important state interests. *See Moore*, 442 U.S. 415. Finally, "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Id.* at 425-26. Here, the state law at issue does not bar constitutional claims. Plaintiff is free to present her arguments to the state court and appeal the court's decision. *Younger* abstention is appropriate.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants Jenny Thomas' and Jeremy Trapp's Motion to Dismiss (#19) and Defendant Reed's Motion for Judgment on the Pleadings (#26). Although Defendant Kathy Weber, a therapist retained by the state, has not been served process in this case and has not filed a motion to dismiss, Plaintiff's claims against Ms. Weber are due to be dismissed for the same reasons that Plaintiff's claims against Defendants Thomas, Trapp, and Reed are subject to dismissal. This case is hereby **DISMISSED without prejudice**.

The Court has reviewed Plaintiff's motions to amend. Plaintiff requests leave to add her children's guardian ad litem as a Defendant in this case and to amend the complaint to describe

the relief she requests. These amendments would not change the fact that *Younger* abstention is appropriate in this case. Accordingly, the Court **DENIES as moot** Plaintiff's Motions to Amend Complaint (#23 and #24).

**IT IS SO ORDERED**.

DATED: March 31, 2009                */s/ Richard E. Dorr*
                                     RICHARD E. DORR, JUDGE
                                     UNITED STATES DISTRICT COURT